**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

DEWAYNE ELLIOTT
                                                                               PLAINTIFF

V.                           NO: 3:10CV00267 SWW

CHRISTOPHER ELLIS *et al.*                                               DEFENDANTS

## ORDER

Plaintiff, currently incarcerated at the Mississippi County Detention Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #2), on October 26, 2010, naming as Defendants Christopher Ellis, Mike Bingham, and John Weldon, all of the Osceola Police Department, and Nancy Hall and Kerry Clark, two private citizens.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was arrested on August 20, 2010, and charged with breaking and entering and theft, in connection with allegations that he stole scrap iron from Hall's business, and attempted to steal bicycles from Clark's home. Ellis, Bingham, and Weldon were apparently involved in Plaintiff's arrest and the investigation of the alleged crimes. Plaintiff asserts that Clark was lying when he initially called policy to report that Plaintiff was attempting to steal the bicycles, and that Hall was lying when she identified scrap metal in his possession as belonging to her. Plaintiff demands that charges be brought against Clark for lying, and that he be paid damages by the Osceola Police Department and Hall.

Because Hall and Clark are not state actors, Plaintiff's claims against them should be dismissed. Additionally, Plaintiff's claims against the remaining Defendants may not proceed because he is involved in an ongoing state proceeding, and the Court will abstain from entertaining his constitutional claims at this time.

<u>Hall and Clark</u>

It is clear from the facts alleged in Plaintiff's complaint that Hall and Clark are not state actors. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit

>in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

Because any challenged action by Hall and Clark was not committed under color of state law, they are not state actors, and Plaintiff's claims against them should therefore be dismissed. *See Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996)(discussing requirement that conduct at issue in a section 1983 case must have been committed by person acting under color of state law).

Ellis, Bingham, and Weldon

Although Ellis, Bingham, and Weldon, are state actors, Plaintiff may not proceed with his claims against them at this time. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is clear from the complaint that Plaintiff is involved in an ongoing state judicial proceeding in connection with criminal charges. Given that the criminal matter is ongoing, that the state clearly has an important interest in enforcing criminal laws, and that Plaintiff may raise constitutional challenges in the context of his criminal case, the Court believes it should abstain from entertaining Plaintiff's constitutional claims. There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Plaintiff's claims, it must decide whether to dismiss, or to stay, the case. When *Younger* abstention applies in case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). However, in *Stroud*, 179 F.3d at 603-04, the Eighth Circuit explained that:

> When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

*Id*. at 603-04 (internal citations omitted).

Here, Plaintiff seeks damages, and does not seek a declaration that a state statute is unconstitutional. Accordingly, Plaintiff's complaint should be stayed and administratively terminated.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's claims against Defendants Nancy Hall and Kerry Clark are DISMISSED

WITH PREJUDICE, and Hall's and Clark's names are removed as party Defendants.

2. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Plaintiff's criminal charges.

3. This case is subject to reopening upon Plaintiff's filing of a motion to reopen the case after such final disposition.

DATED this 2nd day of December 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE