**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

DEWAYNE ELLIOTT                                                                                                  PLAINTIFF

V.                                            NO: 3:10CV00267 SWW/HDY

CHRISTOPHER ELLIS *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

>       hearing before the District Judge in the form of an offer of
>       proof, and a copy, or the original, of any documentary or
>       other non-testimonial evidence desired to be introduced at
>       the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Dewayne Elliott filed a *pro se* complaint on October 26, 2010, alleging that he was arrested on false charges on August 20, 2010. On August 30, 2013, Defendants Christopher Ellis, Mike Bingham, and John Weldon, filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #28-#30). Although he has been granted additional time to do so, Plaintiff has not responded.

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he was driving a truck owned by his employer, when he was stopped by Osceola police officers, who told him they received a complaint that he had stolen some iron from a local business, and had tried to steal bicycles from another yard. Plaintiff's license was suspended at the time, and he was taken into custody and placed under investigation. Plaintiff asserts that Ellis and another detective told him a local citizen had identified one of the items in Plaintiff's possession as belonging to her. Plaintiff was eventually charged with theft and breaking or entering.

Defendants argue that the officers had probable cause to arrest Plaintiff, and, even if they did not, they are entitled to qualified immunity because it was reasonable to believe probable cause existed. Additionally, because it is undisputed that Plaintiff was driving on a suspended license, Defendants contend that probable cause existed to arrest Plaintiff because arrests for multiple charges are treated as a single incident.

Under the Fourth Amendment, citizens have a right to not be arrested without probable cause. *Kuehl v. Burtis*, 173 F.3d 646, 649 (8th Cir. 1999). Probable cause exists when a police officer has reasonably trustworthy information that is sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime. *Veatch v. Bartels*

*Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

In the instant case, Bingham and Weldon were dispatched to investigate a possible theft in progress. When they arrived at the scene, they stopped a vehicle which matched the description given by the dispatcher. That vehicle was driven by Plaintiff. Weldon spoke to Plaintiff while Bingham spoke to Kerry Clark, who had reported seeing Plaintiff load material from an adjacent property into the truck. Plaintiff's truck contained assorted engine parts and scrap metal. When Plaintiff was asked to produce his driver's license, he confessed that his driver's license was suspended. Plaintiff was arrested for driving on a suspended license and also held for investigation of theft (docket entry #28-1). Given Plaintiff's admission, Weldon and Bingham clearly had probable cause to arrest Plaintiff for driving on a suspended license. *See* Ark.Code.Ann. § 27-16-303 (driving on a suspended license punishable by up to six months imprisonment); *Brown v. State*, 924 S.W.2d 251, 255 (Ark. App. 1996) (appellant lawfully arrested for driving with a suspended license and without insurance). Although probable cause also existed to arrest Plaintiff for theft charges, his arrest for diving on a suspended license forecloses any claim that his arrest violated his constitutional rights. *See Linn v. Garcia*, 531 F2d 855, 862 (8th Cir. 1976) (once probable cause exists for an arrest for one offense, it is irrelevant whether probable cause existed for other offenses charged).

Probable cause also existed to formally charge and arrest Plaintiff for theft and breaking or entering. Ellis conducted a thorough investigation which involved interviewing Plaintiff and multiple other individuals. The only exculpatory evidence Ellis obtained was Plaintiff's own statements that all the other individuals were lying. Ellis ultimately executed an affidavit charging Plaintiff with theft and breaking or entering, and Plaintiff was charged. Although the case was later

nolle prossed due to speedy trial issues (docket entry #28-18), such a development does not mean the arrest or charges violated Plaintiff's constitutional rights. *See Davis v. Tamburo*, 849 F.Supp. 1294 (E.D. Ark. 1993) (probable cause existed based on statements by witnesses; case nolle prossed after determination that theft was actually committed by another person). Accordingly, no material facts are in dispute, and Defendants' motion for summary judgment should be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #28) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __10__ day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE